# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

STEPHEN MICHAEL NORTON and
KHRISTINE PAULA NORTON,

              Debtors.

Case No. A11-00864-DMD
Chapter 7

**Filed On 2/14/12**

## MEMORANDUM ON MOTION FOR ENTRY OF ORDER ACCEPTING DEBTOR EDUCATION CERTIFICATES FROM PRIOR BANKRUPTCY

The debtors have filed an *Ex Parte* Motion for Entry of Order Accepting Debtor Education Certificates From Prior Bankruptcy (Docket No. 32). For the reasons set out below, the motion will be denied.

The debtors filed a previous chapter 7 petition on August 16, 2009.[1] As required by 11 U.S.C. § 727(a)(11), the debtors completed a post-petition instructional course concerning personal financial management. Khristine Norton filed her course certificate on December 9, 2009.[2] Stephen Norton filed his certificate on March 24, 2010.[3] In February 2011 the debtors moved to dismiss their case. The court granted the motion on April 4, 2011.[4] The debtors filed the instant proceeding on November 8, 2011. They now request

---

[1] *See* Case No. A09-00557-DMD (Docket No. 1).

[2] *Id*. (Docket No. 37).

[3] *Id.* (Docket No. 51).

[4] *Id*. (Docket No. 68).

that the financial management course certificates filed in their previous chapter 7 proceeding be accepted for filing in the instant case.[5]

11 U.S.C. § 727(a) states that "[t]he court shall grant the debtor a discharge, unless . . . *after filing the petition*, the debtor failed to complete an instructional course concerning personal financial management . . . ."[6] "The preeminent canon of statutory interpretation requires us to presume that the legislature says in a statute what it means and means in a statute what it says there."[7] "[W]hen a statute speaks with clarity to an issue[,] judicial inquiry into [its] meaning, in all but the most extraordinary circumstance, is finished."[8] "[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."[9]

Section 727 of Title 11 governs discharge. Subsection (a) sets out the exclusive grounds under which the debtor in a chapter 7 case will not be granted a discharge. One of those grounds is the debtor's failure to complete a financial management course "after filing the petition." The term "the" is significant. In the English language, the word "the" is a definite article. *Webster's New World Dictionary* defines it as "referring to a particular

---

[5] *Ex Parte* Mot. for Entry of Order Accepting Debtor Educ. Certificates from Prior Bankruptcy, filed February 6, 2012 (Docket No. 32).

[6] 11 U.S.C. § 727(a)(11) (emphasis added).

[7] *McDonald v. Sun Oil Co.*, 548 F.3d 774, 780 (9th Cir. 2008) (internal quotations omitted).

[8] *Estate of Cowart v. Nicklos Drilling Co.*, 505 S.Ct. 2589, 2594 (1992).

[9] *TRW, Inc. v. Andrews*, 122 S.Ct. 441, 449 (2001) (citation omitted).

2

person, thing, or group (as opposed to a, an)."[10]  Had Congress chosen to use the term "a" rather than "the" in § 727 (a)(11), the subsection would have an entirely different meaning. Under such a scenario, a debtor could file a post-petition instructional course certificate obtained during the pendency of *any* of his prior petitions, regardless of the passage of time since the course was taken.  By using the term "the," Congress chose to restrict the instructional course to one that is completed after the filing of *the* petition, that is, the petition pending before the court.  Accordingly, the debtors' motion must be denied.

An order will be entered consistent with this memorandum.

DATED:  February 14, 2012

                                    BY THE COURT

                                     /s/ Donald MacDonald IV
                                    DONALD MacDONALD IV
                                    United States Bankruptcy Judge

Serve:  P. Paslay, Esq.
        W. Barstow, Trustee
        U. S. Trustee

        02/14/12

---

[10] *Webster's New World Dictionary of American English*, 1386 (3rd ed. 1988).

3